1  DAVID D. COOKE (BAR NO. 94939)
   EMILY L. MURRAY (BAR NO. 223815)
2  CATHY A. HONGOLA (BAR NO. 234489)
   ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP
3  Three Embarcadero Center, 12th Floor
   San Francisco, CA  94111-4074
4  Telephone:  (415) 837-1515
   Facsimile:  (415) 837-1516
5  E-Mail:  dcooke@allenmatkins.com
             emurray@allenmatkins.com
6            chongola@allenmatkins.com

7  Attorneys for Plaintiff
   CALIFORNIA-AMERICAN WATER COMPANY

8

9                    UNITED STATES DISTRICT COURT

10                  EASTERN DISTRICT OF CALIFORNIA

11

12  CALIFORNIA-AMERICAN WATER           Case No. 05-CV-02295-LKK-EFB
    COMPANY, a California corporation,
13                                      **STIPULATED PROTECTIVE ORDER**
                    Plaintiff,
14
         vs.
15
    UNITED STATES OF AMERICA, a sovereign
16  state and national government, DEPARTMENT
    OF THE AIR FORCE OF THE UNITED
17  STATES OF AMERICA, an agency within the
    United States,
18
                    Defendants.
19

20          Plaintiff California-American Water Company ("Cal-Am"), and Defendants United States

21  of America and Department of the Air Force of the United States of America ("Air Force"),

22  hereby stipulate as follows:

23  1.      PURPOSES AND LIMITATIONS

24          Disclosure and discovery activity in this action are likely to involve production of

25  confidential, proprietary, or private information for which special protection from public

26  disclosure and from use for any purpose other than prosecuting this litigation would be warranted.

27  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated

28  Protective Order. The parties acknowledge that this Order does not confer blanket protections on

all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 39-141 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2.     DEFINITIONS

2.1     Party:  any party to this action, including all of its officers, directors, members, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2     Disclosure or Discovery Material:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3     "Confidential" Information or Items:  information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under F.R.Civ.P. 26(c).

2.4     Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.5     Producing Party:  a Party or non-party that produces Disclosure or Discovery Material in this action.

2.6     Designating Party:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential".

2.7     Protected Material:   any Disclosure or Discovery Material that is designated as "Confidential."

2.8     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's.  This definition includes a professional jury

1    or trial consultant retained in connection with this litigation.

2    2.9    Professional Vendors:    persons or entities that provide litigation support services (e.g.,

3          photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing,

4          storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

5    3.    SCOPE

6          The protections conferred by this Stipulation and Order cover not only Protected Material

7    (as defined above), but also any information copied or extracted therefrom, as well as all copies,

8    excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by

9    parties or counsel to or in court or in other settings that might reveal Protected Material.

10   4.    DURATION

11         Even after the termination of this litigation, the confidentiality obligations imposed by this

12   Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

13   otherwise directs.

14   5.    DESIGNATING PROTECTED MATERIAL

15   5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-

16         party that designates information or items for protection under this Order must take care to

17         limit any such designation to specific material that qualifies under the appropriate standards.

18         A Designating Party must take care to designate for protection only those parts of material,

19         documents, items, or oral or written communications that qualify – so that other portions of the

20         material, documents, items, or communications for which protection is not warranted are not

21         swept unjustifiably within the ambit of this Order.

22         Mass, indiscriminate, or routinized designations are prohibited.  Designations that are

23   shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to

24   unnecessarily encumber or retard the case development process, or to impose unnecessary

25   expenses and burdens on other parties), expose the Designating Party to sanctions.

26         If it comes to a Party's or a non-party's attention that information or items that it

27   designated for protection do not qualify for protection at all, or do not qualify for the level of

28

704206.01/SF

Case No.  05-CV-02295-LKK-EFB
STIPULATED PROTECTIVE ORDER

1  protection initially asserted, that Party or non-party must promptly notify all other parties that it is

2  withdrawing the mistaken designation.

3  5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (, or as

4      otherwise stipulated or ordered, material that qualifies for protection under this Order shall be

5      designated by affixing the legend "CONFIDENTIAL" on each page that contains protected

6      material.  If only a portion or portions of the material on a page qualifies for protection, the

7      Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate

8      markings in the margins).

9  (a)    A Party or non-party that makes original documents or materials available for inspection

10  need not designate them for protection until after the inspecting Party has indicated which material

11  it would like copied and produced.  After the inspecting Party has identified the documents it

12  wants copied and produced, the Producing Party may designate which documents, or portions

13  thereof, shall be deemed "CONFIDENTIAL".

14  (b)    <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, the Party or non-

15  party offering or sponsoring the testimony shall identify on the record, before the close of the

16  deposition, hearing, or other proceeding, all "Confidential" testimony.  When it is impractical to

17  identify separately each portion of testimony that is entitled to protection, and when it appears that

18  substantial portions of the testimony may qualify for protection, the Party or non-party that

19  sponsors, offers, or gives the testimony may have up to twenty (20) days to identify the specific

20  portions of the testimony as to which protection is sought.  Only those portions of the testimony

21  that are appropriately designated for protection within the twenty (20) days shall be covered by the

22  provisions of this Stipulated Protective Order.

23      Transcript pages containing Protected Material must be separately bound by the court

24  reporter, who must affix on each such page the legend "CONFIDENTIAL", as instructed by the

25  Party or non-party offering or sponsoring the witness or presenting the testimony.

26  5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected**,** an inadvertent failure to designate

27      qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the

28      Designating Party's right to secure protection under this Order for such material.  If material is

1   appropriately designated as "CONFIDENTIAL" after the material was initially produced, the

2   Receiving Party, on timely notification of the designation, must make reasonable efforts to

3   assure that the material is treated in accordance with the provisions of this Order.

4   6.       CHALLENGING CONFIDENTIALITY DESIGNATIONS

5   6.1      Timing of Challenges.  Unless a prompt challenge to a Designating Party's confidentiality

6   designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic

7   burdens, or a later significant disruption or delay of the litigation, a Party does not waive its

8   right to challenge a confidentiality designation by electing not to mount a challenge promptly

9   after the original designation is disclosed.

10  6.2      Meet and Confer.  A Party that elects to initiate a challenge to a Designating Party's

11  confidentiality designation must do so in good faith and must begin the process by conferring

12  directly (in voice to voice dialogue; other forms of communication are not sufficient) with

13  counsel for the Designating Party.  In conferring, the challenging Party must explain the basis

14  for its belief that the confidentiality designation was not proper and must give the Designating

15  Party an opportunity to review the designated material, to reconsider the circumstances, and, if

16  no change in designation is offered, to explain the basis for the chosen designation.  A

17  challenging Party may proceed to the next stage of the challenge process only if it has engaged

18  in this meet and confer process first.

19  6.3      Judicial Intervention.  A Party that elects to press a challenge to a confidentiality

20  designation after considering the justification offered by the Designating Party may file and

21  serve a motion under Civil Local Rule 78-230 (and in compliance with Civil Local Rules 37-

22  251 and 39-141, if applicable) that identifies the challenged material and sets forth in detail the

23  basis for the challenge.  Each such motion must be accompanied by a competent declaration

24  that affirms that the movant has complied with the meet and confer requirements imposed in

25  the preceding paragraph, and that sets forth with specificity the justification for the

26  confidentiality designation that was given by the Designating Party in the meet and confer

27  dialogue.

28

Case No.  05-CV-02295-LKK-EFB
STIPULATED PROTECTIVE ORDER

1      The burden of persuasion in any such challenge proceeding shall be on the Designating

2 Party.  Until the court rules on the challenge, all parties shall continue to afford the material in

3 question the level of protection to which it is entitled under the Producing Party's designation.

4 7.     ACCESS TO AND USE OF PROTECTED MATERIAL

5 7.1     Basic Principles.   A Receiving Party may use Protected Material that is disclosed or

6      produced by another Party or by a non-party in connection with this case only for prosecuting,

7      defending, or attempting to settle this litigation.  Such Protected Material may be disclosed

8      only to the categories of persons and under the conditions described in this Order.  When the

9      litigation has been terminated, a Receiving Party must comply with the provisions of section

10 11, below (FINAL DISPOSITION).

11      Protected Material must be stored and maintained by a Receiving Party at a location and in

12 a secure manner that ensures that access is limited to the persons authorized under this Order.

13 7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the

14      court or permitted in writing by the Designating Party, a Receiving Party may disclose any

15      information or item designated CONFIDENTIAL only to:

16 (a)     the Receiving Party's Outside Counsel of record in this action, as well as employees of

17      said Counsel to whom it is reasonably necessary to disclose the information for this litigation

18      and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto

19      as Exhibit A;

20 (b)     the officers, directors, members, employees and contractors (including House Counsel) of

21      the Receiving Party to whom disclosure is reasonably necessary for this litigation and who

22      have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

23 (c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably

24      necessary for this litigation and who have signed the "Agreement to Be Bound by Protective

25      Order" (Exhibit A);

26 (d)     the Court and its personnel;

27 (e)     court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably

28      necessary for this litigation and who have signed the "Agreement to Be Bound by Protective

704206.01/SF

1   Order" (Exhibit A);

2   (f)      during their depositions, witnesses in the action to whom disclosure is reasonably

3        necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit

4        A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected

5        Material must be separately bound by the court reporter and may not be disclosed to anyone

6        except as permitted under this Stipulated Protective Order; and

7   (g)      the author of the document or the original source of the information.

8   8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

9   LITIGATION.

10       If a Receiving Party is served with a subpoena or an order issued in other litigation that

11  would   compel   disclosure   of   any   information   or   items   designated   in   this   action   as

12  "CONFIDENTIAL", the Receiving Party must so notify the Designating Party, in writing (by fax,

13  if possible) immediately and in no event more than three (3) court days after receiving the

14  subpoena or order.  Such notification must include a copy of the subpoena or court order.

15       The Receiving Party also must immediately inform in writing the Party who caused the

16  subpoena or order to issue in the other litigation that some or all the material covered by the

17  subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must

18  deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that

19  caused the subpoena or order to issue.

20       The purpose of imposing these duties is to alert the interested parties to the existence of

21  this Protective Order and to afford the Designating Party in this case an opportunity to try to

22  protect its confidentiality interests in the court from which the subpoena or order issued.  The

23  Designating Party shall bear the burdens and the expenses of seeking protection in that court of its

24  confidential material – and nothing in these provisions should be construed as authorizing or

25  encouraging a Receiving Party in this action to disobey a lawful directive from another court.

26  9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

27       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

28  Material to any person or in any circumstance not authorized under this Stipulated Protective

704206.01/SF                         Case No.  05-CV-02295-LKK-EFB
                                     STIPULATED PROTECTIVE ORDER

1  Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

2  unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material,

3  (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

4  this Order, and (d) request such person or persons to execute the "Acknowledgment and

5  Agreement to Be Bound" that is attached hereto as Exhibit A.

6  10.     FILING PROTECTED MATERIAL.  Without written permission from the Designating

7  Party or a court order secured after appropriate notice to all interested persons, a Party may not file

8  in the public record in this action any Protected Material.  A Party that seeks to file under seal any

9  Protected Material must comply with Civil Local Rule 39-141.

10  11.     FINAL DISPOSITION.  Unless otherwise ordered or agreed in writing by the Producing

11  Party, within sixty (60) days after the final termination of this action, each Receiving Party must

12  return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected

13  Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing

14  or capturing any of the Protected Material.  With permission in writing from the Designating

15  Party, the Receiving Party may destroy some or all of the Protected Material instead of returning

16  it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a

17  written certification to the Producing Party (and, if not the same person or entity, to the

18  Designating Party) by the sixty (60) day deadline that identifies (by category, where appropriate)

19  all the Protected Material that was returned or destroyed and that affirms that the Receiving Party

20  has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or

21  capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to

22  retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda,

23  correspondence or attorney work product, even if such materials contain Protected Material.  Any

24  such archival copies that contain or constitute Protected Material remain subject to this Protective

25  Order as set forth in Section 4 (DURATION) above.

26  12.     MISCELLANEOUS

27  12.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its

28       modification by the Court in the future.

1  12.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no

2  Party waives any right it otherwise would have to object to disclosing or producing any

3  information or item on any ground not addressed in this Stipulated Protective Order.

4  Similarly, no Party waives any right to object on any ground to use in evidence of any of the

5  material covered by this Protective Order.

6        IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

7  Dated:  March 15, 2007                    ALLEN MATKINS LECK GAMBLE
                                             MALLORY & NATSIS LLP
8                                            DAVID D. COOKE
                                             EMILY L. MURRAY
9                                            CATHY A. HONGOLA

10
                                             By:        /s/ David D. Cooke
11                                                 DAVID D. COOKE

12                                           Attorneys for Plaintiff

13

14  Dated:  March 15, 2007                   UNITED STATES DEPARTMENT OF
                                             JUSTICE
15                                           MCGREGOR SCOTT
                                             MATTHEW J. McKEOWN
16
                                             By:   /s/ Tara M. Bahn (as authorized 3/15/07)
17                                                 TARA M. BAHN

18
                                             Attorneys for Defendants
19

20  PURSUANT TO STIPULATION, IT IS SO ORDERED.

21  DATED:  March 27, 2007.

22

23                                           _____
                                             HON. EDMUND F. BRENNAN
24                                           UNITED STATES MAGISTRATE JUDGE

25

26

27

28

-9-

1

## **EXHIBIT A**

2

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3    I, _____ [print or type full name], of _____

4 [print or type full address], declare under penalty of perjury that I have read in its entirety and

5 understand the Protective Order that was issued by the United States District Court for the Eastern

6 District of California on [date] in the case of *California-American Water Company. v. United*

7 *States*, Case No. 05-CV-02295-LKK EFB.  I agree to comply with and to be bound by all the

8 terms of this Protective Order and I understand and acknowledge that failure to so comply could

9 expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will

10 not disclose in any manner any information or item that is subject to this Protective Order to any

11 person or entity except in strict compliance with the provisions of this Order.

12    I further agree to submit to the jurisdiction of the United States District Court for the

13 Eastern District of California for the purpose of enforcing the terms of this Protective Order, even

14 if such enforcement proceedings occur after termination of this action.

15    [Optional]  I hereby appoint _____ [print or type full name] of

16 _____ [print or type full address and telephone number]

17 as my California agent for service of process in connection with this action or any proceedings

18 related to enforcement of this Stipulated Protective Order.

19 Date: _____

20

21 City and State where sworn and signed: _____

22

23 Printed name: _____

24                     [printed name]

25 Signature: _____

26             [signature]

27

28

704206.01/SF                Case No.  05-CV-02295-LKK-EFB
                          STIPULATED PROTECTIVE ORDER